[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought as a Foreclosure action by the plaintiff, Heritage Sound Condominium Association, against the defendant, Susan Nucifora, to foreclose on liens accruing out of her failing to pay common charges, late fees and fines which were assessed against Unit 9A of the Heritage Sound Condominiums.
Susan Nucifora was the owner of Unit 9A at the time having purchased said unit on July 17, 1997. She resided within Unit 9A for a period of approximately four months. The Unit was vacated on or about November 18, 1997 and remained vacant until September 8, 1998 at which time the Unit was sold. At the time of the sale, the Association objected. The purchaser moved to intervened which motion was denied by the Court since a sufficient sum was being held in escrow to secure payment. CT Page 2939-a
Shortly after Susan Nucifora moved into Unit 9A, the Manager of the Condominium Association began to receive complaints of very loud language emanating from that unit. On August 15, 1997 and September 8, 1997, warning letters were sent to her concerning the complaints received.
Subsequently, the manager continued to receive complaints from numerous residents. On September 11, 1997, a fine of $70.00 was imposed as a result of seven complaints of loud noise. All of the notices of fines imposed, contained a provision that the recipient had the right to request a hearing but that such a request had to be in writing and made within seven days.
Between September 11th and September 26th, thirty-one complaints were received by the Manager and $310.00 in fines were imposed.
On September 16, 1997, she was notified that a radiator was being flushed onto her driveway causing toxic waste to be flushed thereon and that she would be charged with the clean up. She claimed that she owned no such vehicle but the evidence disclosed that the owner was staying with her.
On September 30, 1997, she was assessed a fine of $30.00 for noise described as screaming and hollering during the early morning hours of September 28, 1997 followed by loud music and laundry hanging over atrium walls on September 29, 1997.
In September 1997, the cost of cleaning up the toxic waste resulting from the radiator flushing was assessed at $161.80. In addition, an assessment for $144.80 was levied for the replacement of a sliding glass door broken by an object that was thrown from within. These assessments total $306.60.
Between October 1, 1997 and October 13, 1997, eleven complaints were received of loud noise, wood chopping, yelling, loud music, doors slamming and horns blowing. From October 13, 1997 to October 17, 1997 there were four incidents of a pick up truck being parked in an improper area. Prior to this the Board of the Condominium Association had increased the fines for such activity to $50.00 per incident. All of this activity led to a fine of $750.00 being levied on October 21, 1997.
On October 27, 1997, fines were levied in the amount of $400.00 as a result of complaints of a truck with the front end parked on the grass and on the same day a complaint of very loud music and pounding on the walls resulted in the police and EMC people being called. The seven complaints of very loud music are obviously continuing complaints of the same incident occurring for a period of several hours. The Court considers this as one complaint. CT Page 2940
From October 29, 1997 through November 12, 1997 there were nine complaints of loud music, pounding on walls and obscenities being expressed all of which resulted in a fine of $450.00 being levied on November 12, 1997.
The defendant Nucifora failed to pay the monthly common charges until December 3, 1997. At that time the defendant paid $380.00 for the months of October and November. Starting in January the monthly charge was being paid regularly but the payments were never current and were always in arrears. The Manager is required to apply any payments to the oldest debt, resulting in the payments not being current and always late, causing late fees to be charged.
The defendant claims that she owes nothing for the common charges and any fines or late fees assessed. The court notes that the defendant never exercised her right to a hearing even though all of the notices received by her indicated that right.
This action is brought pursuant to the statutory right of a Condominium Association to enforce the right to recover from any condominium owner for their failure to pay common charges, assessments for common expenses and any late fees or fines which the Association has the authority to impose. See Connecticut General Statutes § 47-244 (i) and (2)
Section 47-258 grants to the Association a statutory lien on any unit for any assessment or fine levied against such unit. Subsection (a) of § 47-244 subdivision (10) (11) (12) provides for fees, late charges, fines and interest charges as being enforceable assessments.
The defendant in her first Special Defense claims that all common expenses were fully paid. Although payment is a defense to a foreclosure action, in the present instance, these payments were not made in a timely fashion the first payment being made as late as December. Pursuant to the by-laws these payments were applied to the oldest debt thus these payments were never current resulting in a continuing late payment fee being assessed. The evidence discloses that she was aware of their existence.
The defendant also asserts a special defense that the assessments levied were in violation of due process and in violation of the declaration documents. The evidence disclosed CT Page 2941 that her due process rights were not violated and that the plaintiff adhered to its regulations. The defendant admitted that notice was given and she failed to contest or dispute the assessments when made. Her testimony was that she received some but not all of the notices given. Evidence was submitted of return receipts signed by the defendant as well as conversation with the project manager over some of the fines that were levied. It was the defendant's choice not to exercise her right to a hearing.
The defendant furthermore claims that she was the subject of harassment by the Association and its members. This is not a valid defense to a foreclosure action. Even if this were to be so it might give rise to a separate action but since these acts do not rise out of the same transactions as the foreclosure action but rather from acts of the association unrelated to their rights to collect common charges and to foreclose upon charges not paid by the individual owner. See Bayview Condominium Association v.Skibitcky, Superior Court, Judicial District of Ansonia/Milford,. Docket No. (April 2, 1998) (Curran, JTR)
The Court finds the issues for the plaintiff Association. The defendant argues that the plaintiff's prayer for relief contains no request for money damages. The prayer for relief contains a prayer that the court award such other relief that in equity it deems appropriate. It should be noted that this action was originally commenced as a foreclosure action brought against this particular unit. The unit was sold and funds were held in escrow. Under these circumstances, the court in the exercise of its equitable powers awards money damages in the following amounts.
Based on the above, the Court finds, the damages to consist of fines assessed in the amount of $2016.00 and late fees in the amount of $1000.00 for a total of $3016.60.
There remains for the court to determine a reasonable attorney's fee. Both the condominium document and Connecticut General Statutes § 47-258 (G) provide for a reasonable attorney's fee for the prevailing party.
In determining a reasonable attorney's fee the court gives consideration to the fact that this was a hotly contested matter resulting in a full trial. The Court in noting the above also considers the amount of the debt due. While the plaintiff submitted to the court, the legal fees for the services rendered CT Page 2942 no evidence was submitted as to their reasonableness the court in "exercising its own discretion awards a fee of $1200.00.
Judgment may enter for the plaintiff in the total amount of $4216.60.
Curran, J.